# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE NEW GEORGIA PROJECT; BLACK VOTERS MATTER FUND; and RISE, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; REBECCA SULLIVAN, in her official capacity as the Vice Chair of the Georgia State Election Board; DAVID WORLEY, in his official capacity as a member of the Georgia State Election Board; MATTHEW MASHBURN, in his official capacity as a member of the Georgia State Election Board; and ANH LE, in her official capacity as a member of the Georgia State Election Board, <br><br> *Defendants*, <br><br> REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; and GEORGIA REPUBLICAN PARTY, INC., <br><br> *Proposed Intervenor-Defendants*. | No. 1:21-cv-1229-JPB |

**[PROPOSED] INTERVENOR-DEFENDANTS' [PROPOSED] ANSWER**

Intervenors—the Republican National Committee, National Republican Senatorial Committee, and Georgia Republican Party, Inc.,—now answer Plaintiffs' complaint (Doc. 1). Unless expressly admitted below, every allegation in the complaint is denied. When Intervenors say something "speaks for itself," they do not admit that the referenced material exists, is accurate, or is placed in the proper context. Accordingly, Intervenors state:

1.

Data speak for themselves.

2.

Lawsuits, results, and quotes speak for themselves.

3.

The General Assembly passed SB 202, which speaks for itself. The other allegations are legal arguments that require no response. "Voter Suppression Bill" is not a title for SB 202—or a fitting one, since the bill makes it *easier* to vote in Georgia.

4.

Denied.

5.

Quotes speak for themselves. The other allegations are legal arguments that require no response.

6.

Quotes speak for themselves. Otherwise denied.

7.

Denied.

8.

Plaintiffs brought this action under 42 U.S.C. §1983 and §1988, but have no valid claim.

9.

These legal arguments require no response.

10.

These legal arguments require no response.

11.

These legal arguments require no response.

12.

This Court could enter a declaratory judgment, but Plaintiffs are not entitled to one.

13.

Intervenors lack sufficient information to admit or deny these allegations.

14.

Intervenors lack sufficient information to admit or deny these allegations.

15.

Intervenors lack sufficient information to admit or deny these allegations.

16.

The first sentence is denied. Intervenors deny that SB 202 requires the New Georgia Project to divert resources *away* from its mission. Intervenors lack sufficient information to admit or deny the other allegations.

17.

Intervenors deny that SB 202 requires Black Voters Matter to divert resources *away* from its mission. Intervenors lack sufficient information to admit or deny the other allegations.

18.

Intervenors lack sufficient information to admit or deny these allegations.

19.

The first sentence is denied. Intervenors deny that SB 202 requires Rise to divert resources *away* from its mission. Intervenors lack sufficient information to admit or deny the other allegations.

20.

The first sentence is admitted. The other allegations are legal arguments that require no response.

21.

The first sentence is admitted. The other allegations are legal arguments that require no response.

22.

The first sentence is admitted. The other allegations are legal arguments that require no response.

23.

Intervenors lack sufficient information to admit or deny these allegations.

24.

Intervenors lack sufficient information to admit or deny these allegations.

25.

Data speak for themselves.

26.

Data speak for themselves.

27.

Intervenors lack sufficient information to admit or deny these allegations.

28.

Data speak for themselves.

29.

Intervenors lack sufficient information to admit or deny these allegations.

30.

Data speak for themselves.

31.

Data speak for themselves.

32.

Intervenors lack sufficient information to admit or deny these allegations.

33.

Individuals vote for candidates, not racial groups. Election results and data speak for themselves.

34.

Denied.

35.

Denied. States have a "compelling interest in preventing voter fraud." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006).

36.

Lawsuits and judgments speak for themselves. Courts also rejected lawsuits accusing Georgia of violating the right to vote in the November 2020 and January 2021 cycles. *See, e.g.*, *New Ga. Proj. v. Raffensperger*, 976 F.3d 1278 (11th Cir. 2020); *Black Voters Matter Fund v. Raffensperger*, 478 F. Supp. 3d 1278 (N.D. Ga. 2020); *Black Voters Matter Fund v. Raffensperger*, No. 1:20-cv-04869-SCJ, 2020 WL 7394457 (N.D. Ga. Dec. 16, 2020).

37.

Reports speak for themselves.

38.

Quotes speak for themselves.

39.

The first sentence is denied. Announcements speak for themselves.

40.

Quotes speak for themselves. The last sentence is denied.

41.

Election results, data, and enacted laws speak for themselves. Otherwise denied.

42.

Enacted provisions and studies speak for themselves. The second sentence is denied.

43.

Enacted provisions and demographic data speak for themselves. The second sentence is denied.

44.

Enacted provisions speak for themselves. The second sentence is denied.

45.

Enacted provisions and prior policies speak for themselves. The second sentence is denied.

46.

Enacted provisions speak for themselves. The second sentence is denied.

47.

Enacted provisions speak for themselves. Otherwise denied.

48.

Enacted provisions speak for themselves. The second sentence is denied.

49.

Enacted provisions speak for themselves. The second sentence is denied.

50.

Enacted provisions speak for themselves. Otherwise denied.

51.

Denied.

52.

From 1872 to 2002, Georgia had a Democratic governor, and Democrats were a majority of the General Assembly. Intervenors do not doubt that racial discrimination occurred during this period. But they deny that this history is relevant to SB 202 or that SB 202 was motivated by racial discrimination.

53.

Prior policies speak for themselves. Intervenors lack sufficient information about what the General Assembly "believed" in the 1860s.

54.

Prior policies and data speak for themselves.

55.

Prior policies speak for themselves.

56.

Election results and data speak for themselves.

57.

Prior policies, lawsuits, and quotes speak for themselves.

58.

Election results speak for themselves.

59.

Federal laws and objection letters speak for themselves. Intervenors lack sufficient information to admit or deny the second sentence.

60.

Judicial decisions speak for themselves.

61.

Past discrimination can have continued effects in the present. Intervenors deny that this observation has anything to do with this case.

62.

Appeals by political campaigns speak for themselves.

63.

Robocalls speak for themselves.

64.

Quotes speak for themselves.

65.

Quotes speak for themselves.

66.

Robocalls speak for themselves.

67.

Quotes and advertisements speak for themselves. Intervenors deny that they committed or condoned any "racist tactics" or "attacks" during the 2020 presidential and senatorial campaign.

68.

Intervenors lack sufficient information to admit or deny these allegations.

69.

Data speak for themselves.

70.

Data speak for themselves.

71.

Data speak for themselves.

72.

Data speak for themselves.

73.

Data speak for themselves.

74.

Data and studies speak for themselves.

75.

The second sentence is denied. What opponents of legislation call a bill is both irrelevant and speaks for itself. Intervenors lack sufficient information to admit or deny the rest.

76.

Intervenors restate and incorporate all prior paragraphs of this answer.

77.

These legal arguments require no response.

78.

These legal arguments require no response.

79.

Denied. Plaintiffs omit various other provisions of SB 202. On the whole, the bill makes it *easier* to vote in Georgia.

80.

These legal arguments require no response.

81.

These legal arguments require no response.

82.

These legal arguments require no response.

83.

These legal arguments require no response.

84.

Quotes and turnout data speak for themselves. Otherwise denied.

85.

Fraud data speak for themselves. Otherwise denied.

86.

Denied.

87.

Intervenors restate and incorporate all prior paragraphs of this answer.

88.

These legal arguments require no response.

89.

These legal arguments require no response.

90.

These legal arguments require no response.

91.

History and data speak for themselves. These legal arguments require no response.

92.

Denied.

93.

Denied.

### RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs are entitled to no relief, and this Court should enter judgment against them.

## INTERVENORS' AFFIRMATIVE DEFENSES

1. Plaintiffs' fail to state a claim.

2. Plaintiffs lack standing.

3. Discovery might reveal facts that support additional defenses. Intervenors reserve the right to raise those defenses later.

This 31st day of March, 2021.

Respectfully submitted,

/s/ *William Bradley Carver, Sr.*
John E. Hall, Jr.
Georgia Bar No. 319090
William Bradley Carver, Sr.
Georgia Bar No. 115529
W. Dowdy White
Georgia Bar No. 320879
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-6967
bcarver@hallboothsmith.com

Tyler R. Green (*pro hac vice* forthcoming)
Cameron T. Norris (*pro hac vice* forthcoming)
**CONSOVOY MCCARTHY PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423

*Counsel for Proposed Intervenor-Defendants*

12

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The foregoing was prepared in Century Schoolbook font, 13-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C). I hereby certify that I electronically filed the foregoing **PROPOSED INTERVENOR-DEFENDANTS' PROPOSED ANSWER** with the Clerk of Court using the CM/ECF electronic filing system, which will automatically send e-mail notification of such filing to the following counsel of record and serve as follows:

| | |
|---|---|
| Halsey G. Knapp, Jr.<br>Joyce Gist Lewis<br>Adam Martin Sparks<br>Krevolin & Horst, LLC<br>One Atlantic Center, Ste. 3250<br>1201 West Peachtree St., NW<br>Atlanta, GA 30309<br>hknapp@khlawfirm.com<br>jlewis@khlawfirm.com<br>sparks@@khlawfirm.com<br>*Counsel for Plaintiffs* | Marc E. Elias*<br>Uzoma Nkwonta*<br>Jacob Shelly*<br>Zachary J. Newkirk<br>Jyoti Jasrasaria*<br>Perkins Coie LLP<br>700 Thirteenth St., NW, Ste. 800<br>Washington, D.C. 20005-3960<br>melias@perkinscoie.com<br>unkwonta@perkinscoie.com<br>jshelly@perkinscoie.com<br>znewkirk@perkinscoie.com<br>jjasrasaria@perkinscoie.com<br>*Counsel for Plaintiffs*<br>**Motions for Pro Hac Vice Forthcoming* |

This 31st day of March, 2021.

|  |  |
|---|---|
| Tyler R. Green (*pro hac vice* forthcoming) <br> Cameron T. Norris (*pro hac vice* forthcoming) <br> **CONSOVOY MCCARTHY PLLC** <br> 1600 Wilson Boulevard <br> Suite 700 <br> Arlington, VA 22209 <br> (703) 243-9423 | /s/ *William Bradley Carver, Sr.* <br> John E. Hall, Jr. <br> Georgia Bar No. 319090 <br> William Bradley Carver, Sr. <br> Georgia Bar No. 115529 <br> W. Dowdy White <br> Georgia Bar No. 320879 <br> **HALL BOOTH SMITH, P.C.** <br> 191 Peachtree Street NE <br> Suite 2900 <br> Atlanta, GA 30303 <br> (404) 954-6967 <br> bcarver@hallboothsmith.com |

*Counsel for Proposed Intervenor-Defendants*