FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 1 2 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
## Amicus Curiae

**RE: CASES**

1] Case 1:21-mi-99999-UNA Document 917 Filed 03/29/21

2] GEORGIA STATE CONFERENCE OF THE NAACP ET.AL v. BRAD RAFFENSPERGER ET.AT

3] Case 1:21-cv-01229-JPB Document 1 Filed 03/25/21

STANDING:
Amicus is a U.S. Citizen and Resident of West Virginia, Whose livelyhood, income, estate, taxes, et.al are directly impacted by federally elected members of Congress and the offices of President and Vice President of the United States; along with other Constitutional officers nominated and confirmed to office.

QUESTION PRESENTED:
Does the unanimous ruling of the Supreme Court of the United States in SANDIFER V. U.S. STEEL CORP.
No. 12–417. Argued November 4, 2013—**Decided January 27, 2014** (Scalia)
**OVERTURN**
the 5-4 ruling of same in SHELBY COUNTY, ALABAMA v. HOLDER, ATTORNEY GENERAL, ET AL. No. 12–96. Argued February 27, 2013—**Decided June 25, 2013** (Roberts)

Shelby:5-4
Held: Section 4 of the Voting Rights Act is unconstitutional; its formula can no longer be used as a basis for subjecting jurisdictions to pre-clearance

> But a more fundamental problem remains:
> Congress did not use the record it compiled
> to shape a coverage formula grounded
> in current conditions.
> It instead reenacted a formula
> based on 40-year-old facts
> having no logical relation to the present day.
> Its failure to act leaves us today
> with no choice but to declare
> §4(b) unconstitutional.
> The formula in that section
> can no longer be used as a basis
> for subjecting jurisdictions to pre-clearance.

SANDIFER:9-0

For better or worse, it used the narrower word "clothes."
"The role of this Court is to apply
the statute as it is written
—even if we think some other approach
might accord with good policy."
Burrage v. United States, ante at 14
(internal quotation marks and brackets omitted)

AND
NORTHERN SECURITIES CO. V. UNITED STATES, 193 U.S. 197 (1904) [5-4]

**the recognition of the principles announced in former cases must,**
under the conceded facts, **lead to an affirmance** of the decree below,
unless the special objections, or some of them,
which have been made to the application
of the act of Congress to the present case are of a substantial character.
**the act, if within the powers of Congress, must be respected;**
for, by the explicit words of the Constitution,
that instrument and the laws enacted by Congress
in pursuance of its provisions are the supreme law of the land,
"anything in the constitution or laws of any State to the contrary notwithstanding"
-- **supreme over the States, over the courts,**
and even over the people of the United States,
the source of all power under our governmental system
in respect of the objects for which the National Government was ordained.

If Congress legislates for the protection of the public,
may it not proceed on the ground
**that wrongs, when effected by a powerful combination,**
**are more dangerous and require more stringent supervision**
than when they are to be effected by a single person?
Callan v. Wilson, 127 U.S. 540, 556.
*Harlan Lead Opinion*

AND
STANDARD OIL CO. OF NEW JERSEY V. UNITED STATES, 221 U.S. 1 (1910)[9-0]/[8-1]
Majority White, McKenna, Holmes, Day, Lurton, Hughes, Van Devanter, Lamar
Concur/dissent Harlan

To this we reply that, if it be the true construction,
its harshness is no concern of the courts.
They have no responsibility for the justice or wisdom of legislation,
**and no duty except to enforce the law as it is written,**
unless it is clearly beyond the constitutional power of the lawmaking body. . . .
It is quite conceivable that Congress,

contemplating the inevitable hardship of such injuries
and hoping to diminish the economic loss to the community
resulting from them, should deem it wise
to impose their burdens
upon those who could measurably control their causes,
instead of upon those who are in the main helpless in that regard.
Such a policy would be intelligible, and, to say the least,
not so unreasonable as to require us to doubt that it was intended,
and to seek some unnatural interpretation of common words.
We see no error in this part of the case.

If the court was wrong in the Taylor case,
**the way is open for such an amendment of the statute**
as Congress may, in its discretion, deem proper.
**This court ought not now to disturb**
**what has been so widely accepted and acted upon by the courts**
**as having been decided in that case.**
A contrary course would cause infinite uncertainty,
if not mischief, in the administration of the law in the Federal courts.
**To avoid misapprehension,**
it is appropriate to say that we are not to be understood
as questioning the soundness of the interpretation
heretofore placed by this court upon the Safety Appliance Act.
**We only mean to say that,**
**until Congress, by an amendment of the statute,**
**changes the rule announced in the Taylor Case,**
**this court will adhere to and apply that rule.**
C., B. & Q. Ry. Co. v. United States, 220 U.S. 559.
*HARLAN in CONCURRENCE*

We do not sit as a super-legislature
to determine the wisdom, need, and propriety of laws
that touch economic problems,
business affairs, or social conditions
Griswold v. Connecticut, 381 U.S. 479 (1965)

Certificate of Service
Amicus pro se, hereby certify a true copy sent to these parties
Sean J. Young
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF GEORGIA, INC. P.O. Box 77208 Atlanta, Georgia 30357

Adam M. Sparks KREVOLIN & HORST, LLC 1201 W. Peachtree St., NW  One Atlantic Center, Suite 3250  Atlanta, GA 30309

Amicus Curiae
2110 Williams Ave
Clarksburg, W.V. 26301



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309



30303-331861