**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| THE NEW GEORGIA PROJECT et al., | X X X |
| Plaintiffs, | X   CIVIL ACTIO NO. X   1:21-cv-01229-JPB |
| vs. | X X |
| BRAD RAFFENSPERGER, et al., | X X |
| Defendant. | X X |

**BRIEF IN SUPPORT OF THE SPALDING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**I.     INTRODUCTION**

Defendants are members of the Spalding County Board of Elections and Voter Registration—a five-member body charged with implementing voter registration and elections in Spalding County. None of the Spalding Defendants are alleged to have engaged in any wrongdoing. Instead, Plaintiffs claim that the Spalding Defendants should be enjoined from following freshly minted Senate Bill 202 because certain provisions are unconstitutional.[1] Yet none of these election

---

[1] The Spalding Defendants appear to be in the same position as the other 158 Board of Election Offices across the State responsible for complying with Senate Bill 202. Presumably, the only reason for their inclusion in Plaintiffs' First Amended Complaint is concern about organizational standing raised by the other Defendants' Motion to Dismiss the Original Complaint.

officials have any authority to enact voting legislation in the State or Georgia or discretion over whether to follow the laws passed by the Legislature. As detailed below, Plaintiffs' First Amended Complaint is due to be dismissed on three grounds.

First, Defendants were not properly served as elections supervisor Marcia L. Ridley was not authorized to accept service on their behalf. Second, Plaintiffs have failed to join indispensable parties to this suit, as three currently named Defendants are no longer members of the Spalding County Board of Elections and Voter Registration. Third, Plaintiffs lack standing to bring their claims against the Spalding Defendants.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiffs have failed to properly serve the Spalding Defendants

#### 1.   Legal Standard

A party who has not been properly served may raise a defense of insufficient process or insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) or (5). *See Binns v. City of Marietta Housing Auth.*, No. 1:07-CV-0070-RWS, 2007 U.S. Dist. LEXIS 68886, at *5 (N.D. Ga. Sept. 18, 2007). "An objection to service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision

utilized." *Nasrallah v. Chick-fil-A Piedmont Rd.*, No. 1:15-CV-02893-RWS-JFK, 2017 U.S. Dist. LEXIS 77479, at *3 (N.D. Ga. Jan. 3, 2017).  Plaintiffs ultimately "bear[] the burden of establishing proof of service of process." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1340 (N.D. Ga. 2012).

"Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharama, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008).  Without personal jurisdiction, the Court is powerless to take further action.  *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).  Thus, "as a general rule, courts address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims because a defendant not subject to the court's jurisdiction cannot be bound by its rulings.  *Nasrallah*, 2017 U.S. Dist. LEXIS 77479, at *5.

**2. Plaintiffs have failed to serve the Spalding Defendants pursuant to Fed. R. Civ. P. 4(j)(2).**

Plaintiffs' attempted service on Defendants through then elections manager, Marcia Ridley, is inadequate under Rule 4.  Per the proof of service affidavits [Dkt. at 46] submitted by Plaintiffs, each Spalding Defendant was served "by leaving in the hands of Marcia L. Ridley, Elections Supervisor who advised that she can accept for defendant."  However, Marcia L. Ridley was not authorized to accept

5

service on behalf of the Spalding Defendants in either their individual or official capacity.

As defendants have been named in their official capacities only, service must be completed according to Rule 4(j)(2).  *See Horton v. Maldonado*, No. 1:14-cv-0476-WSD, 2014 U.S. Dist. LEXIS 163372 (N.D. Ga. Nov. 21, 2014) (dismissing action for failure to serve city officers sued in their official capacity under Rule 4(j)(2)); *Randall v. Crist*, No. 5:03cv220-MMP/WCS, 2005 U.S. Dist. LEXIS 49340 (N.D. Fla. Nov. 1, 2005) (finding service on state officer acting in his official capacity was governed by Rule 4(j)(2)); *Green v. E. Baton Rouge Parish Sch. Sys.*, 13-166-SDD-RLB, 2013 U.S. Dist. LEXIS 146226 (M.D. La. Oct. 9, 2013) (finding county school board members sued in their official capacity must be served under Rule 4(j)(2)).

Under Rule 4(j)(2),

[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

    (A) delivering a copy of the summons and of the complaints to its chief executive officer; or

    (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[2]

---

[2] Georgia's requirements for service are nigh identical to Federal Law.  *See Jugger v. Metzner*, No. 1:08-CV-66 (WLS), 2010 U.S. Dist. LEXIS 150451 at *5–6  (M.D. Ga. Mar. 17, 2010) ("Because the Georgia statutory provision for

6

Under O.C.G.A. § 9-11-4(e)(5), service against a county, municipality, city, or town may be made

> to the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process[, and if] against any other public body or organization subject to an action, to the chief executive officer or clerk thereof.

Here, elections supervisor Ridley does not qualify as any of the designated persons eligible to accept service under State or Federal law. She has also not been authorized to accept service on behalf of the Spalding Defendants. The fact that she claimed to have this authority is inapposite. *Headrick v. Fordham*, 154 Ga. App. 415, 416–417 (1980) (an individual is not personally served when the summons is left with his or her secretary); *News-Press Pub Co., Inc. v. Kalle*, 173 Ga. App. 411 (1985) ("Service of process on merely an apparent agent is not sufficient. It must be made on an actual agent."). Accordingly, Plaintiffs have failed to comply with Rule 4(j)(2).

---

personal service of process tracks the language of Rule 4(e) of the Federal Rules of Civil Procedure, there is no conflict between the state and federal law in this case as to service of process – the same standard applies."); *Daniel v. United States*, 891 F. Supp. 600, 605 (N.D. Ga. 1995)("Georgia law does not add to the ways in which service may be effected under the Federal Rules of Civil Procedure.").

### 3. Plaintiffs have failed to serve the Spalding Defendants pursuant to Rule 4(e).

To the extent Plaintiffs might be authorized to serve the Spalding Defendants under Rule 4(e), they must show that they either delivered a copy of the summons and complaint to the individual personally, left a copy of these documents at the individual's dwelling place or usual place of abode with someone of suitable age and discretion who resides there, or delivered a copy of each to an agent authorized by appointment or by law to receive service of process. *See* FED. R. CIV. P. 4(e).

As service was not made personally on any defendant or left at their dwelling place or usual place of abode, the only ground upon which service rests is Marcia Ridley's acceptance of service on behalf of Defendants. However, Ridley is not an "agent authorized by appointment or by law to receive service of process." Indeed, the cases "dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process is normally expected." *See Gipson v. Township of Bass River*, 82 F.R.D. 122, 125 (D.N.J. 1979); *Free State Receivables, Ltd. v. Claims Processing Corp.*, 76 F.R.D. 84 (D. Md. 1977) ("Where the person served is not an agent on whom proper service could be made, the fact that he may have advised the proper corporate official of the complaint is irrelevant."); *King v. Marcy*, No. 2:17-CV-112, 2019 U.S. Dist.

8

LEXIS 26059, at *14–15 (S.D. Ga. Feb. 19, 2019) (observing Georgia law's requirement that leaving copy of summons and complaint at usual place of business or with the individual's employer is insufficient to effect service); *Holmes v. Georgia*, No. 1:07-CV-202 (WLS), 2010 U.S. Dist. LEXIS 147275 (M.D. Ga. Mar. 4, 2010) (declining to find service on unidentified person in the Personnel Department at the Governor's Office as service on designated agent for service of process purposes); *Molette v. City of Forest Park*, 335 Ga. App. 222 (2015) (holding that City Charter did not authorize City Attorney to accept service on behalf of city or its officials). No such appointment exists here. As the Spalding Defendants have not been properly served, Rules 12(b)(4) and (5) demand Plaintiffs' Complaint be dismissed.

  **B.**  **Plaintiffs have failed to join indispensable parties**.

    **1.**  **Legal Standard**

Federal Rule of Civil Procedure 19 governs mandatory joinder of indispensable parties. Under Rule 19(a)(1),

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>  (i) as a practical matter impair or impede the person's ability to protect the interest; or

a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Where a party has failed to join an indispensable party, but that party is capable of being joined in the action, "the court shall order that the person be made a party." *See* FED. R. CIV. P. 19(a).

   **2.** **Plaintiffs have failed to join three indispensable parties— the current members of the Board of Elections and Voter Registration**

  Plaintiffs seek to enjoin the entire Board of Elections and Voter Registration from complying with certain aspects of Senate Bill 202. However, three of the named Defendants, Bentley, Henley, and McIntosh, no longer serve on the Spalding County Board of Elections and Voter Registration. Turning to the initial threshold question of Rule 19(a)(1), the three new members of the Spalding County Board of Elections are subject to service of process and their joinder will not deprive the court of subject-matter jurisdiction.

  Turning to the next part of the inquiry, if this suit is allowed to proceed without involvement of the three new members of the Board, it will impair the Board's ability to protect its interest, since the injunction would apply to some, but not all of the members. All members are responsible for complying with Senate Bill 202, and leaving some of these members out of this suit will hinder the ability

10

to protect the Board's interests in responding to the claims and proposed injunction.

In a similar fashion, failing to join these members would also leave the remaining parties at risk of incurring inconsistent obligations. If Plaintiffs succeed, some members would be subject to the current injunction, while others would be free from it. The risk of inconsistent obligations mandates inclusion of these parties.

If Plaintiffs intend to compel action by the Spalding County Board of Elections and Voter Registration, they should bring the proper parties before the Court. The Court should order that the correct members of the Spalding County Board of Elections be joined in this suit, and that Defendants Bentley, Henley, and McIntosh be dismissed.

**C.    Plaintiffs fail to establish they have standing to bring their claim.**

The Spalding Defendants join in Defendant Le, Mashburn, Raffensperger, Sullivan, and Worley's Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. #45] on the grounds that Plaintiffs lack standing to bring the present suit. The Spalding Defendants further adopt the State Defendants' Brief and the

arguments regarding standing contained within the brief in support of said motion [Dkt. #45].[3]

## III.   CONCLUSION

As the Plaintiffs have failed to serve the proper Defendants in Spalding County, failed to name the proper Defendants, and lack standing to bring their claims, the Spalding Defendants' Motion to Dismiss should be granted.

Respectfully submitted this the 16th day of June, 2021.


                BECK, OWEN, & MURRAY
                Attorneys for the Spalding Defendants


                By: /s/ Karl P. Broder
                    Karl P. Broder
                    Ga. State Bar No. 185273

Address: One Griffin Center, Suite 600
          100 South Hill St.
          Griffin, Georgia 30223
Phone No. (770) 227-4000
Fax No. (770) 229-8524
          kbroder@beckowen.com

---

[3] The Spalding Defendants would also note that should Le, Mashburn, Raffensperger, Sullivan, and Worley's Motion to Dismiss be granted on other grounds, including failure to state a claim under Rule 12(b)(6), the First Amended Complaint should likewise be dismissed against the Spalding Defendants.

## Local Rule 7.1 Certification

The undersigned certifies that this motion and memorandum of law have been prepared using Times New Roman 14-point font as approved by the Court in Local Rule 5.1B.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served this pleading via CM/ECF, which constitutes service on all parties to this case.

This 16th day of June, 2021.

            BECK, OWEN, & MURRAY
            Attorneys for the Spalding Defendants


           By: /s/ Karl P. Broder
              Karl P. Broder
              Ga. State Bar No. 185273

Address: One Griffin Center, Suite 600
      100 South Hill St.
      Griffin, Georgia 30223
Phone No. (770) 227-4000
Fax No.  (770) 229-8524
      kbroder@beckowen.com