# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THE NEW GEORGIA PROJECT, BLACK VOTERS MATTER FUND, and RISE, INC., | ) ) ) ) | CIVIL ACTION FILE NO. 1:21-CV-1229-JPB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; REBECCA SULLIVAN,in her official capacity as the Vice Chair of the Georgia State Election Board; DAVID WORLEY, in his official capacity as a member of the Georgia State Election Board; MATTHEW MASHBURN,in his official capacity as a member of the Georgia State Election Board; ANH LE, in her official capacity as a member of the Georgia State Election Board; MARGARET BENTLEY, in her official capacity as Chairman of the SPALDING County Board of Elections and Voter Registration; GLENDA HENLEY, in her official capacity as Secretary of the SPALDING County Board of Elections and Voter Registration; BETTY BRYANT, VERA MCINTOSH, and ROY MCCLAIN, in their official capacities as Members of the SPALDING County Board of Elections and Voter Registration; CHARLES DAVE, in his official capacity as BROOKS County Elections Superintendent; ZURICH DESHAZIOR, DON DISTEFANO, and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

KAREN MURRAY, in their official                    )
capacities as members of the BROOKS          )
County Board of Elections; ALEX WAN,         )
in his official capacity as Chairman of the     )
FULTON County Registration and                 )
Elections Board; MARK WINGATE,             )
KATHLEEN RUTH, VERNETTA KEITH        )
NURIDDIN, and AARON JOHNSON, in       )
their official capacities as Members of the     )
FULTON County Registration and                 )
Elections Board; KEITH GAMMAGE, in      )
his official capacity as the Solicitor General  )
of FULTON County; and GREGORY W.         )
EDWARDS, in his official capacity as the      )
District Attorney for DOUGHERTY             )
County,                                                        )
                                                                      )
Defendants.                                                 )
_____)

## BRIEF IN SUPPORT OF FULTON COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I.    INTRODUCTION

Plaintiffs in this action, in response to the Georgia Legislature enacting Senate Bill 202 ("SB 202") and Governor Brian Kemp signing that election law, have arbitrarily selected and named as defendants members of the election and registration boards for 3 of the 159 counties in Georgia, including the members of the Fulton County Board of Registration and Elections ("Fulton County

Defendants"). The election officials named do not have any authority regarding the enactment of voting legislation in the State of Georgia, nor do they have any discretion over whether to follow the laws passed by the Legislature.

Rather than limiting their lawsuit to the Governor, the Secretary of State, and the State Election Board, ("State Defendants") as the parties responsible for the passage, enactment, and enforcement of the provisions of SB 202, Plaintiffs have named an arbitrarily selected set of county defendants, likely as a result of a misguided application of the recent ruling in *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245-46 (11th Cir. 2020).

*Jacobson*, dealing with the standing of voters to challenge Florida's ballot order provision, reiterated the test from *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992), that "[t]he litigant must prove (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision" and held that the plaintiff in that case could not show standing because the sole defendant, the Florida Secretary of State, had no authority to implement the relief that the plaintiffs requested (changing the ballot order).

Given the complete dearth of factual allegations involving the Fulton County Defendants, Plaintiffs appear to have included them solely for purposes of

redressability, asking the Court to enjoin the several county officials from enforcing the provisions of SB 202.   However, nowhere in the Amended Complaint filed by Plaintiffs have they demonstrated an injury-in-fact, much less one that is fairly traceable to the actions of the Fulton County Defendants.   They do not have standing to assert their claims against the Fulton County Defendants and cannot achieve it by skipping straight to the third prong of the *Lujan* test.

Further, even if the Court were inclined to give the Plaintiffs latitude regarding the injury-in-fact and traceability factors, Plaintiffs cannot rationally explain how seeking relief against 3 of the 159 counties in the State of Georgia would redress their purported injuries.

Even construing the lengthy recitation of facts in the light most favorable to Plaintiffs, no amount of leeway can overcome the jurisdictional obstacle of lack of prudential standing.   Accordingly, this Court does not have jurisdiction over the claims asserted against the Fulton County Defendants, and the Fulton County Defendants therefore request that the Court dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A.  Standards for Motion to Dismiss

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id*. "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id*.

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc*., 693 F.3d 1317, 1321—22  (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**B.     Plaintiffs lack standing to bring claims against the Fulton County Defendants**

"Article III of the Constitution limits federal courts to adjudicating actual 'cases' and 'controversies.'" *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019); U.S. Const. art. III, § 2.   "To have a case or controversy, a litigant must establish that he has standing," which requires proof of three elements. *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, (2000). "The plaintiff bears the burden of establishing each element." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1268 (11th Cir. 2019).

"It is not enough that [plaintiff] sets forth facts from which [the court] could imagine an injury sufficient to satisfy Article III's standing requirements." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005). Instead, "plaintiff has the burden to clearly and specifically set forth facts sufficient to satisfy Art. III

standing requirements." *Id.* "If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Id.*

Further, "when plaintiffs seek prospective relief to prevent future injuries, they must prove that their threatened injuries are "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013).

### i.    Plaintiffs have not demonstrated an injury-in-fact

Injury-in-fact is "the first and foremost of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, (2016). To prove an injury-in-fact the Plaintiffs must show "a concrete and particularized injury." *Sierra v. City of Hallandale* Beach, 996 F.3d 1110 (11th Cir. 2021), citing to *Lujan*, 504 US at 560 n.1. "An injury is particularized when it affect[s] the plaintiff in a personal and individual way. To be concrete, the injury must be real, and not abstract." *Id.*, (citing to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotes omitted)).

In the Amended Complaint, Plaintiffs' claims of injury are based upon a long, winding, highly speculative narrative concerning actions they might have to take or resources they might have to expend at some point in the future due to the actions of the State Defendants in passing SB 202. And in a case such as this one, "[w]hen a plaintiff seeks prospective relief to prevent a future injury, it must establish that the threatened injury is certainly impending." *Indep. Party of Fla. v. Sec'y, State of Fla.*,

967 F.3d 1277, 1280 (11th Cir. 2020). "[A]llegations of possible future injury are not sufficient." *Clapper*, 568 U.S. at 409. Nor is a "realistic threat," *Summers v. Earth Island Inst*., 555 U.S. 488, 499-500 (2009), an "objectively reasonable likelihood" of harm, *Clapper*, 568 U.S. at 410.

Despite this requirement of a concrete actual or imminent injury, Plaintiffs raise only generalized fears about what they *may* have to do in response to the provisions of SB 202 and some uncertain future time.  For instance, the New Georgia Project ("NGP") claims that it "***will also be forced to divert resources*** from its day-to-day voter registration activities to educate voters about and otherwise combat the suppressive effects of [SB 202]. Likewise, [SB 202] threatens to undermine NGP's mission of civically engaging Georgians because, under the Bill, even eligible and registered voters are denied the ability to vote or may not have their ballots counted." [Doc. 39 ¶ 20].  Ignoring, for the moment, that Plaintiffs haven't demonstrated how these hypothetical injuries would be attributable to the Fulton County Defendants, they haven't even shown an "objectively reasonable likelihood of harm." *Clapper*, 568 U.S. at 410.

Even when Plaintiffs avoid conditional terms like may and might in the Amended Complaint, they still fail to demonstrate concrete and particularized injuries.  The Plaintiff organizations in this case have not alleged real disruptions

from the passage or enforcement of SB 202 that have or will imminently require the shifting of resources. Instead, they have only alleged hypothetical future diversions of resources based on unproven fears about the effects of the State Defendants' passage and enforcement of SB 202.

Indeed, Plaintiffs each make broad claims that they will have to divert resources from one area of its mission to the efforts to address SB 202. However, when a Plaintiff claims diversion of resources as an injury, it must demonstrate that "a defendant's illegal acts impair the organization's ability to engage in its own projects by forcing the organization to divert resources in response." *Arcia v. Sec'y of Fla.*, 772 F.3d 1335, 1341 (11th Cir. 2014). Plaintiffs are responsible for proving they "would in fact be diverting . . . resources away from their core activities." *Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cty. Bd. of Reg. & Elections*, Case No. 1:20-CV-01587, 2020 U.S. Dist. LEXIS 211736, at *4 (N.D. Ga. Oct. 5, 2020) ("GALEO"). Organizations cannot support a claim of standing "based solely on the baseline work they are already doing." *Common Cause Ind. v. Lawson*, 937 F.3d 944, 955 (7th Cir. 2019). Plaintiff organizations "cannot convert ordinary program costs into an injury in fact. The question is what additional or new burdens are created by the law the organization is challenging. It must show that the disruption is real and its response is warranted." *Id.*

Plaintiffs make various claims that they will have to divert unspecified resources or undetermined amounts of money on efforts to address problems that may be caused by SB 202 at some point in the future. But invariably those efforts already fall within the core mission of the organization. For instance, Plaintiff NGP spends nearly a page detailing its admirable history of civic participation and voter engagement efforts [Doc. 39, ¶¶ 17-19], but then claims it will be harmed by having to devote resources to "to educate voters about and otherwise combat the suppressive effects of [SB 202]…" [Doc. 39, ¶ 20].  Such claims that organizations may have to use their resources to participate in their already existing missions cannot be the basis for a showing of injury-in-fact.

### ii.    Plaintiffs have not shown an injury fairly traceable to the Fulton County Defendants

To establish standing, in addition to demonstrating an injury-in-fact, Plaintiffs must also show a "causal connection between [their] injury and the challenged action of the defendant—i.e., the injury must be fairly…trace[able] to the defendant's conduct..." *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019) (internal quotes removed).  The crux of Plaintiffs' lawsuit is that "[d]espite nationwide scrutiny of Georgia's elections, which only confirmed the absence of any fraud, insecurity, or wrongdoing, Republican members of the General Assembly voted to pass sweeping omnibus legislation . . .  that is clearly intended to and will

have the effect of making it harder for lawful Georgia voters to participate in the State's elections." [Doc. 39, ¶ 4].   Yet nowhere in the Amended Complaint do Plaintiffs bother to explain how their supposed injuries are traceable to the Fulton County Defendants.

Indeed, Plaintiffs devote 5 pages of the Amended Complaint detailing alleged deficiencies with the process of passing SB 202 [Doc. 39, pp. 40-45] and 11 pages describing why the legislation crafted by the General Assembly is deficient and burdensome [Doc. 39, pp. 29-40].   Nowhere do the Plaintiffs allege or demonstrate a causal connection between the harms created by the legislation they seek to overturn and the conduct of the Fulton County Defendants.   Not until the Prayer for Relief at the very end of the Amended Complaint do the Plaintiffs even indirectly address the role of the Fulton County Defendants, when they ask the Court to enjoin the Defendants generally from enforcing the provisions of SB 202 or conducting elections using those provisions.

It is likely that Plaintiffs felt compelled to include the Fulton County Defendants due to the opinion of the 11th Circuit in *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245-46 (11th Cir. 2020).   In that case, the Court ruled that the District Court should have dismissed an action brought by several Democratic voters and organizations challenging to the Florida statute setting the order of candidates'

names on the ballot.  Among the reasons for its ruling, the Court said that the plaintiffs failed to demonstrate organizational standing to seek relief against the Florida Secretary of State because her office does not enforce the ballot order provision, noting that only the 67 county Election Supervisors are responsible for preparing the ballots. *Id* at 1253.

The result of that ruling has been that some subset of county election officials has been named in most election suits filed in the 11th Circuit since then, including at least three other suits currently pending before this Court: *Sixth District of the African Methodist Episcopal Church et al. v.  Kemp et al.*, Case No. 1:21-cv-01284-ELR ; *Georgia State Conference of the NAACP et al. v. Raffensperger et al.*, Case No. 1:21-cv-01259-JPB; *Asian Americans Advancing Justice-Atlanta, et. al. v. Raffensperger et al.*, Case No. 1:21-cv-01333-JPB.

However, simply naming an arbitrary set of county election officials as defendants does not meet the Plaintiff's burden to demonstrate traceability and redressability.   "It is the plaintiff's burden to plead and prove…causation…" *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1266 (11th Cir. 2011).  *See also*, *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) ("The party invoking federal jurisdiction bears the burden of proving standing"). "Article III standing requires that the plaintiff's injury be 'fairly

traceable' to the defendant's actions and redressable by relief against *that* defendant."
*Jacobson,* 974 F.3d 1236, at 1256, citing to *Lewis*, 944 F.3d at 1298, 1301.

The Amended Complaint is bereft of any factual allegations tying Plaintiffs'
alleged future injuries to the Fulton County Defendants.  They do not even attempt
to explain why the particular counties named were chosen, much less how those
counties are responsible for the passage or enforcement of the provisions of SB 202.
Accordingly, because Plaintiffs have failed to clearly articulate in their Amended
Complaint how their claimed injuries are traceable to and redressable by the Fulton
County Defendants, they have not carried their burden of demonstrating standing to
sue the counties.

### iii.     Plaintiffs have not demonstrated how relief could be afforded by enjoining the Fulton County Defendants

Plaintiffs have failed to show how an order enjoining the Fulton County
Defendants from enforcing the provisions of SB 202 will redress their alleged
injuries, when all other unnamed Georgia counties would not be subject to the
Court's order.

While Plaintiffs named members of 3 county boards of registrations as
defendants in the Amended Complaint challenging multiple sections of SB 202. [
Doc. 39 ¶¶ 33- 35], none of the organizational Plaintiffs, described themselves as
being restricted to working with, or advocating for, their members or voters, limited

to the counties served by the 3 County Boards named with members named as Defendants.   To the contrary, the NGP asserts that it is dedicated to registering eligible Georgian statewide [Doc. 39 ¶ 17].   Plaintiff Black Voters Matter Fund states that it is active statewide as well [Doc. 39 ¶ 21].   Plaintiff Rise, Inc. runs statewide advocacy groups [Doc. 393 ¶ 23]. Presumably, the Plaintiffs would be concerned with the alleged impact of SB 202 on the voters they serve beyond the three counties and would seek to prevent its enforcement beyond the jurisdiction of the three county boards with members named as defendants herein.

Yet, Plaintiffs have chosen not to seek statewide relief against all county election officials, apparently hoping that an order against a small subset of counties will somehow bind the rest of the county election officials.  In *Jacobson* the Court noted that a declaratory judgment or injunction against the Secretary of State would not have bound the county supervisors, who were not parties to the action. *Jacobson*, 974 F.3d 1236, at 1256. at 1302.  Similarly, the election officials in 156 unnamed Georgia counties are not parties to this action and, therefore, would not be "obliged…in any binding sense…to honor an incidental legal determination [this] suit produce[s]." *Id.*      "[I]t must be the effect of the court's judgment on the defendant—not an absent third party—that redresses the plaintiff's injury. Any persuasive effect a judicial order might have upon the [other county election

officials], as absent nonparties...cannot suffice to establish redressability." *Id*. at 1254. And see, *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) ("If courts may simply assume that everyone (including those who are not proper parties to an action) will honor the legal rationales that underlie their decrees, then redressability will always exist.")

Plaintiffs' failure to sue the parties that can redress the alleged harm could also lead to "arbitrary and disparate treatment to voters in its different counties," *Bush v. Gore*, 531 U.S. 98, 107, 121 S. Ct. 525, 531 (2000), with three counties bound by an order from this Court and the remaining 156 counties following existing law. *See also Friedman v. Snipes*, 345 F. Supp. 2d 1356, 1381 (S.D. Fla. 2004) (error not to join other county election officials). In other words, granting Plaintiffs the relief they seek would lead to different rules for elections in different parts of the state, based solely on Plaintiffs' choice over which counties to sue in this particular case. Thus, Plaintiffs undermine their own claims of imminent "injury," "redress," or "equal protection" by leaving out the other counties which would prolong any uniform implementation or enforcement of any order issued by this Court.

## III.   CONCLUSION

Plaintiffs have the burden to clearly plead and prove the basic elements of standing in order to bring claims against the Fulton County Defendants in this matter.

*Bochese*, *supra* 405 F.3d at 976.  Plaintiffs have not met that burden in their Amended Complaint, even construing the facts alleged by them in their favor.

Plaintiffs have not alleged that actions traceable to the Fulton County Defendants have or will imminently cause a concrete injury. Further, even though Plaintiffs appear to have named three sets of county defendants for purposes of redressability under an improper interpretation of the 11th Circuit Court of Appeals ruling in *Jacobson v. Fla. Secy. of State*, they have failed to demonstrate how their claimed injuries would be redressed by an order enjoining only 3 arbitrarily selected counties out of 159 total counties in the state. Such an order would produce two separate sets of rules for elections in Georgia, resulting in non-uniform application of the elections laws within the State, creating an even larger problem than those Plaintiffs seek to address in their Amended Complaint.

Accordingly, and for all the reasons set forth above, Fulton County Defendants request that the Court enter an order dismissing all claims against them in Plaintiffs' First Amended Complaint.

Respectfully submitted this 24th day of June, 2021.

**OFFICE OF THE COUNTY ATTORNEY**

**/s/David R. Lowman**
Kaye Burwell
Georgia Bar Number:  775060

kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
David Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
ATTORNEYS FOR DEFENDANT
FULTON COUNTY, GEORGIA

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THE NEW GEORGIA PROJECT, BLACK VOTERS MATTER FUND, and RISE, INC., | ) ) ) ) | CIVIL ACTION FILE NO. 1:21-CV-1229-JPB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; REBECCA SULLIVAN, in her official capacity as the Vice Chair of the Georgia State Election Board; DAVID WORLEY, in his official capacity as a member of the Georgia State Election Board; MATTHEW MASHBURN, in his official capacity as a member of the Georgia State Election Board; ANH LE, in her official capacity as a member of the Georgia State Election Board; MARGARET BENTLEY, in her official capacity as Chairman of the SPALDING County Board of Elections and Voter Registration; GLENDA HENLEY, in her official capacity as Secretary of the SPALDING County Board of Elections and Voter Registration; BETTY BRYANT, VERA MCINTOSH, and ROY MCCLAIN, in their official capacities as Members of the SPALDING County Board of Elections and Voter Registration; CHARLES DAVE, in his official capacity as BROOKS County Elections Superintendent; ZURICH DESHAZIOR, DON DISTEFANO, and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

KAREN MURRAY, in their official                    )
capacities as members of the BROOKS                )
County Board of Elections; ALEX WAN,               )
in his official capacity as Chairman of the        )
FULTON County Registration and                     )
Elections Board; MARK WINGATE,                     )
KATHLEEN RUTH, VERNETTA KEITH                      )
NURIDDIN, and AARON JOHNSON, in                    )
their official capacities as Members of the        )
FULTON County Registration and                     )
Elections Board; KEITH GAMMAGE, in                 )
his official capacity as the Solicitor General     )
of FULTON County; and GREGORY W.                   )
EDWARDS, in his official capacity as the           )
District Attorney for DOUGHERTY                     )
County,                                            )
                                                   )
Defendants.                                        )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing

**BRIEF IN SUPPORT OF FULTON COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** with the Clerk of Court using the CM/ECF system, with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all attorneys of record.

**/s/ David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov