**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
|---|---|

**CONSOLIDATED/JOINT DISCOVERY STATEMENT**

I.   **Background**

Plaintiffs served a subpoena for the deposition of William Bradley Carver, who is also one of the attorneys for Intervenors in this case; Intervenors object to the deposition. Despite attempts through written correspondence and a meet and confer, the parties are unable to resolve their dispute and thus seek the Court's guidance.

A.   **Plaintiffs' Position**

Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).[1] Plaintiffs seek to depose Mr. Carver concerning the sequence of events that led to SB 202's passage. Mr. Carver played a significant role in reforming Georgia's election code in early 2021, including by lobbying legislators to enact changes GAGOP supported.[2] And at least some of the language proposed by Mr. Carver was incorporated in its entirety into drafts of SB 202. *See* CDR00069682. Thus, Mr. Carver unquestionably has highly relevant information.

Intervenors have offered shifting rationales for why Mr. Carver's deposition is

---

[1] Other than their privilege arguments, Intervenors raise no arguments that the subpoena is unduly burdensome under Federal Rule of Civil Procedure 45.

[2] *See* The Madison Forum, Madison Forum Brad Carver 2021 04 24 Q&A, YouTube (May 17, 2021), https://www.youtube.com/watch?v=zwhxlFt39LQ (6:00-6:35) (public remarks by Mr. Carver describing meetings with legislators in support of provisions in SB 202); GAGOP_0000082 (same).

improper, most of which they have quickly disavowed. First, they claimed the fact discovery period had closed—it has not. They also argued that a party's counsel could not be deposed, citing *Clough v. Richelo*—a decision standing for the exact opposite proposition. 616 S.E.2d 888, 894 (Ga. Ct. App. 2005) (noting that the court could not determine if attorney's testimony was necessary *until* attorney was deposed). Finally, Intervenors argued that Georgia law foreclosed Mr. Carver's deposition, citing O.C.G.A. § 24-9-25—but that statute was repealed a decade ago. B 24, 2011 Gen. Assemb., Reg Sess., Sec. 2 (Ga. 2011) (effective 2013). During the parties' meet and confer, Intervenors dropped these arguments and relied solely on the attorney-client privilege. Now, for the first time ever in this Joint Discovery Statement, Intervenors claim that Mr. Carver's communications are protected under First Amendment privilege. Neither of these arguments has merit for several reasons.

     First, Mr. Carver's communications with legislators are not privileged. In fact, Intervenors have produced communications between Mr. Carver and legislators without objection. *E.g.*, GAGOP_0002492. Second, Mr. Carver's public statements about SB 202 and its predecessor bills, *see supra* n.2, are appropriate topics for discovery. Third, Plaintiffs are entitled to depose Mr. Carver about his advocacy efforts in support of election legislation like SB 202, as Intervenors have not demonstrated that communications related to Mr. Carver's role as the chair of the Election

Confidence Task Force or as a lobbyist for the GAGOP are privileged. *See* ECF No. 434 at 2-4. Tellingly, Intervenors did not invoke the First Amendment privilege in their objections to the subpoena or in the parties' meet and confer, and their conclusory discussion of the privilege in this joint statement fails to explain why it would foreclose inquiry into Mr. Carver's lobbying efforts, which he has spoken about publicly.

Finally, a 30(b)(6) deposition of GAGOP cannot replace Mr. Carver's deposition. Mr. Carver played a singularly important role in drafting proposed language and discussing bills with key legislators like Rep. Barry Fleming. There are also email exchanges related to this advocacy that do not include any GAGOP representatives. *E.g.*, GAGOP_0002306. And even where there is some overlap between an individual deponent's knowledge and a 30(b)(6) deponent's testimony, courts have nonetheless permitted both depositions to go forward. *See, e.g.*, *Golden v. Stein*, No. 418CV00331JAJCFB, 2020 WL 13553710, at *6 (S.D. Iowa Apr. 14, 2020) (allowing individual and corporate deposition of same designee despite objections of duplication); *see also* Fed. R. Civ. P. 30(b)(6) ("This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."). Plaintiffs are thus entitled to explore these highly relevant communications and advocacy efforts with Mr. Carver.

3

### B.     Intervenors' Position

Mr. Carver is lawyer. He was first licensed in 1999. His Georgia Bar number is 115529. He is not a party in this case, but he represents parties in this case. Plaintiffs want to depose him because the GAGOP retained Hall Booth Smith, P.C., and specifically Mr. Carver, to assist it after the 2020 runoff. In his role as an attorney, Mr. Carver chaired a committee of GAGOP leaders to prepare a package of election proposals. And in his role as an attorney, Mr. Carver provided legal advice related to those proposals.

The GAGOP objects to Mr. Carver's deposition. This Court should either quash the subpoena, let the parties brief whether the subpoena should be quashed, or strictly limit the topics on which Mr. Carver can be deposed.

As an initial matter, subpoenas to non-parties are disfavored. *See Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020). Nonparties should not be deposed when nearly all the same information could be obtained from a party. A non-party subpoena should be especially disfavored when that non-party is an attorney for a party in the case. Given the confidential relationship that an attorney has with his client and the risk of adversity that a deposition creates, litigants need a special reason to depose another party's attorney. The slippery slope is obvious. Plaintiffs recently subpoenaed another lawyer for a party in this case—Bryan Tyson,

who represents the State of Georgia—based on his alleged role in the legislative process surrounding SB202. And under Plaintiffs' logic, intervenors could have deposed one of Plaintiffs' lawyers, on the ground that they worked closely with state legislators on their opposition to SB202.

Plaintiffs cannot come close to justifying their unusual subpoena. The subpoena is not proportional, especially under the standard for third-party discovery. Mr. Carver's personal views about SB202 are not relevant, since Mr. Carver is not the Georgia legislature or even a legislator. And Plaintiffs already have the nonprivileged documents they requested from the GAGOP. Any questions they have about those documents—or other relevant matters—can be asked in a 30(b)(6) deposition of the GAGOP, an actual party to this case. Indeed, Plaintiffs recently noticed a 30(b)(6) deposition of the GAGOP. Their speculation that a 30(b)(6) witness would lack knowledge that only Mr. Carver has is unfounded.

The deposition of Mr. Carver is also not proportional because almost any information he holds is privileged. Much of the GAGOP's position on this topic is set out in its statement related to the document production, which it incorporates here. In short, Mr. Carver provided legal services to the GA GOP related to SB 202, including legal advice about proposed election reforms. Having Mr. Carver sit and receive questions he can't answer is not a proportional use of discovery.

Even if it were not subject to the attorney-client privilege, testimony regarding the political activity of Mr. Carver and the GA GOP is privileged under the First Amendment—a point Plaintiffs' counsel have made many times in the depositions of their clients. "The Supreme Court has long recognized that compelled disclosure of political affiliations and activities can impose just as substantial a burden on First Amendment rights as can direct regulation." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Here, Mr. Carver's testimony on these matters would chill associational rights. Mr. Carver has already been subjected to harassment—a coordinate, well-funded effort to get him disbarred.[3] Though that bar complaint was unanimously dismissed, what should have been a confidential process was leaked to the press in an effort to harm Mr. Carver's career.[4] Here, the same risk exists, and it extends to the GAGOP, its members, and its future activities.

At a minimum, this Court should impose strict limits on the topics allowed at Mr. Carver's deposition. Mr. Carver's testimony is only possibly relevant to the extent it reveals *the legislature's* motives for passing SB202. Plaintiffs thus should be limited to Mr. Carver's communications with Georgia legislators. The GAGOP welcomes the opportunity to brief these issues more fully in a motion to quash.

---

[3] https://www.axios.com/2022/03/07/trump-election-lawyers-disbar
[4] To the extent necessary, Mr. Carver will execute an affidavit confirming the facts as stated herein.

6

Date: February 27, 2023

/s/ *Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Jacob D. Shelly*
Spencer Klein*
Melinda K. Johnson*
Tina Meng Morrison*
Marcos Mocine-McQueen*
Samuel T. Ward-Packard*
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
jshelly@elias.law
sklein@elias.law
mjohnson@elias.law
tmengmorrison@elias.law
mmcqueen@elias.law
swardpackard@elias.law

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlwafirm.com
sparks@khlawfirm.com
**Admitted pro hac vice*

/s/ *Kurt Kastorf*
Kurt Kastorf (GA Bar No. 315315)
KASTORF LAW, LLC
1387 Iverson Street, N.E., Suite 100
Atlanta, GA 30307
Telephone: 404-900-0330
kurt@kastorflaw.com

Judith Browne Dianis*
Angela Groves*
Matthew A. Fogelson*
ADVANCEMENT PROJECT
1220 L Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 728-9557
JBrowne@advancementproject.org
AGroves@advancementproject.org
MFogelson@advancementproject.org

Joseph J. Wardenski*
WARDENSKI P.C.
195 Plymouth Street, Suite 519
Brooklyn, NY 11201
Tel: (347) 913-3311
Fax: (347) 467-7237
joe@wardenskilaw.com

Clifford J. Zatz*
Justin D. Kingsolver*
William Tucker*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
CZatz@crowell.com
JKingsolver@crowell.com

*Attorneys for Plaintiffs The New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin*

/s/ Bryan L. Sells
Bryan L. Sells
Georgia Bar No. 635562
THE LAW OFFICE OF BRYAN SELLS, LLC
PO Box 5493 Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Vilia Hayes*
Neil Oxford*
Gregory Farrell*
HUGHES HUBBARD & REED LLP
One Battery Park Plaza New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

/s/ Laurence F. Pulgram
Laurence F. Pulgram*

WTucker@crowell.com
Jordan Ludwig*
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5524
JLudwig@crowell.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs The Concerned Black Clergy of Metropolitan Atlanta, Inc., The Justice Initiative, Inc., Metropolitan Atlanta Baptist Ministers Union, Inc., First Congregational Church, United Church of Christ Incorporated, Georgia Latino Alliance for Human Rights, Inc., Faith in Action Network, Greater Works Ministries Network, Inc., Exousia Lighthouse International C.M., Inc.*

/s/ Rahul Garabadu
Rahul Garabadu (Bar 553777)
*rgarabadu@acluga.org*
Caitlin May (Ga. Bar No. 602081)
*cmay@acluga.org*
Cory Isaacson (Ga. Bar No. 983797)
*cisaacson@acluga.org*
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

Sophia Lin Lakin (pro hac vice)
*slakin@aclu.org*

8

Molly Melcher*
Armen Nercessian*
Ethan Thomas*
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94101
Telephone: (415) 875-2300

Joseph S. Belicheck*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94101-2008
Telephone: (650) 988-8500

Catherine McCord*
Fenwick & West, LLP -NY
902 Broadway, Suite 14
New York, NY 10010
212-430-2690
Email: cmccord@fenwick.com

*Admitted pro hac vice

*Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek*

/s/ Pichaya Poy Winichakul
Bradley E. Heard (Bar 342209)
*bradley.heard@splcenter.org*
Pichaya Poy Winichakul (Bar 246858)
*poy.winichakul@splcenter.org*
Sabrina Khan (pro hac vice)

Davin M. Rosborough (pro hac vice)
*drosborough@aclu.org*
Jonathan Topaz (pro hac vice)
*jtopaz@aclu.org*
Dayton Campbell-Harris (pro hac vice)
*dcampbell-harris@aclu.org*
Dale E. Ho (pro hac vice)
*dho@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Susan P. Mizner (pro hac vice)
*smizner@aclu.org*
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick (pro hac vice)
*bdimmick@aclu.org*
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
Telephone: (202) 731-2395

Leah C. Aden (pro hac vice)
*laden@naacpldf.org*
John S. Cusick (pro hac vice)
*jcusick@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

*Sabrina.khan@splcenter.org*
Nancy G. Abudu (Bar 001471)
*nancy.abudu@splcenter.org*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30031-1287
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

*/s/ Adam Sieff*
Adam S. Sieff (pro hac vice)
*adamsieff@dwt.com*
Daniel Leigh (pro hac vice pending)
*danielleigh@dwt.com*
Brittni Hamilton (pro hac vice)
*brittnihamilton@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew Jedreski (pro hac vice)
*mjedreski@dwt.com*
Grace Thompson (pro hac vice)
*gracethompson@dwt.com*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

David M. Gossett (pro hac vice)
*davidgossett@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, D.C. 20005-7048
Telephone: (202) 973-4288

Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
Alexandra Hiatt (pro hac vice)
*alexandra.hiatt@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese (pro hac vice)
*george.varghese@wilmerhale.com*
Stephanie Lin (pro hac vice)
*stephanie.lin@wilmerhale.com*
Mikayla Foster (pro hac vice)
*Mikayla.foster@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Tania Faransso (pro hac vice)
*tania.faransso@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce (pro hac vice)
*nana.wilberforce@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP

Facsimile: (202) 973-4499

*Attorneys for Plaintiffs Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

/s/ *Meredyth L. Yoon*
MEREDYTH L. YOON
(Georgia Bar No. 204566)
LAURA MURCHIE*
ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
404 585 8446 (Telephone)
404 890 5690 (Facsimile)
*myoon@advancingjustice-atlanta.org*
*lmurchie@advancingjustice-atlanta.org*

/s/ *Eileen Ma*
EILEEN MA*
KIMBERLY LEUNG*
ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
415 896 1701 (Telephone)
415 896 1702 (Facsimile)
*eileenm@advancingjustice-alc.org*
*kimberlyl@advancingjustice-alc.org*

/s/ *Niyati Shah*
NIYATI SHAH*
TERRY AO MINNIS*º
ASIAN AMERICANS ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, DC 20036
202 815 1098 (Telephone)

350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiffs Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, and Southern Christian Leadership Conference*

/s/ *Baxter D. Drennon*
BAXTER D. DRENNON
(Georgia Bar No. 241446)
JOHN E. HALL, JR.
WILLIAM BRADLEY CARVER
WILLIAM DOWDY WHITE
THE REPUBLICAN NATIONAL COMMITTEE
NATONAL REPUBLICAN SENATORIAL COMMITTEE
GEORGIA REPUBLICAN PARTY, INC.
NATIONAL REPUBLICAN CONGRESSONAL COMMITTEE
HALL BOOTH SMITH, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
404-954-5000 (Telephone)
404-954-5020 (Facsimile)
*bdrennon@hallboothsmith.com*
*jhall@hallboothsmith.com*
*bcarver@hallboothsmith.com*
*dwhite@hallboothsmith.com*

/s/ *Cameron T. Norris*
CAMERON T. NORRIS*

11

<div style="columns:2">

202 296 2318 (Facsimile)
*nshah@advancingjustice-aajc.org*
*tminnis@advancingjustice-aajc.org*

*/s/ R. Adam Lauridsen*
Leo L. Lam*
R. Adam Lauridsen*
Connie P. Sung*
Candice Mai Khanh Nguyen*
Luis G. Hoyos*
Rylee Kercher Olm*
Emily A. Hasselberg*
Zainab R. Ramahi*
Emily L. Wang*
Niharika S. Sachdeva*
KEKER, VAN NEST AND PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400  (Telephone)
415 397 7188 (Facsimile)
*llam@keker.com*
*alauridsen@keker.com*
*csung@keker.com*
*cnguyen@keker.com*
*lhoyos@keker.com*
*rolm@keker.com*
*ehasselberg@keker.com*
*zramahi@keker.com*
*ewang@keker.com*
*nsachdeva@keker.com*

 *Attorneys for Plaintiffs Asian Americans Advancing Justice–Atlanta, Steven J. Paik, Deepum Patel, Nora Aquino, Angelina Thuy Uddullah, and AnjaliEnjeti-Sydow*
 *\*Admitted pro hac vice*
 *º Not admitted in D.C.*

TYLER R. GREEN*
THE REPUBLICAN NATIONAL COMMITTEE
NATONAL REPUBLICAN SENATORIAL COMMITTEE
GEORGIA REPUBLICAN PARTY, INC.
NATIONAL REPUBLICAN CONGRESSONAL COMMITTEE
CONSOVOY McCARTHY PLLC-VA
1600 Wilson Blvd.
Suite 700
Arlington, VA 22209
703-243-9423 (Telephone)
*cam@consovoymccarthy.com*
*tyler@consovoymccarthy.com*

</div>

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: February 27, 2023                                    /s/ Uzoma N. Nkwonta
                                                            *Counsel for NGP Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated: February 27, 2023                             /s/ *Uzoma N. Nkwonta*
                                                                            *Counsel for NGP Plaintiffs*